## STATE ex rel. OTTO HADLER v. DISTRICT COURT OF ROCK COUNTY.[1]

May 26, 1911.

Nos. 17,055—(24).

**Judicial ditch — notices of hearing.**

In proceedings to establish a judicial ditch, conducted under chapter 230, Laws 1905, as amended by chapter 469, Laws 1909, it is *held* that the notices of the first or preliminary hearing were properly posted, and the court thereby acquired jurisdiction; it appearing from the petition and the findings of the court that the proposed ditch was wholly located in the town in which the notices were so posted.

**Same — lateral ditches.**

If by lateral or side drains subsequently to be recommended and provided for by the viewers and engineers the work is extended into adjoining towns, the notices of the second hearing, provided for by section 9, c. 230, Laws 1905, must be posted in such towns.

[1]Reported in 131 N. W. 476.

Upon the petition of Otto Hadler, this court granted a writ of certiorari to review the proceedings of the district court for Rock county, Nelson, J., in relation to the establishment of a certain ditch designated as Judicial Ditch No. 2. Writ quashed.

*Jay A. Kennicott,* for petitioner.

*E. H. Canfield* and *A. J. Daley,* for respondent.

BROWN, J.

Certiorari to review the order of the court below affirming its jurisdiction in certain drainage proceedings, commenced under the provisions of chapter 230, p. 303, Laws 1905, as amended by chapter 469, p. 565, Laws 1909 (R. L. Supp. 1909, §§ 2651—44 to 2651—117). The only question presented is whether notices of the first or preliminary hearing were posted in the manner required by the statute.

Section 3 of chapter 230, p. 305, Laws 1905, as amended by the act of 1909, applies to judicial ditches, and requires the notice of the first hearing to be published for three successive weeks in some newspaper of the county in which the proceedings are instituted, and that printed copies thereof be posted in three public places in the town or towns in which the proposed work is located, and one at the front door of the courthouse. In the case at bar the ditch is located, according to the petition and findings of the court, wholly within the town of Rose Dell, and the notices were properly posted in that town. But counsel for relator contends that the court below was in error in the finding referred to, and that in fact the proposed ditch extends into three separate towns. This contention is founded on the terms of the petition, which provide or pray for the construction of such lateral and side ditches as may be determined upon for the drainage of the slough sought to be drained, and such other side or lateral drains as may be found necessary in the course of the construction of the main ditch. If the side drains at the slough be constructed, they would extend into the town of Denver, in which no notices were posted. But the petition does not unconditionally call for side or lateral ditches extending into that town, but only in

case of necessity, and we are satisfied with the findings of the court below that the work is located in the town of Rose Dell only.

Whether it will be necessary to extend the side drains into other towns can only be determined by the viewers and engineer. And when their report is presented all parties affected by the ditch will have ample opportunity to be heard on the second hearing, provided for by section 9, c. 230, p. 313, Laws 1905. So we hold that, as the "proposed work is located" in the town of Rose Dell only, posting of the notices in that town was a compliance with the statutes, even though the petition for the ditch contemplates that by subsequent proceedings the same may be extended by lateral or side drains in an adjoining town. If they be so extended, then the notice of the second hearing must be posted in each town into which they are so extended.

The further contention of relator that the ditch as proposed by the petition extends into and through the town of Springwater is not sustained. A clerical error in the petition justifies this claim; but the court below found, and the facts justify the conclusion, that the ditch in fact ends at the south line of the town of Rose Dell.

It follows that the notices of hearing were properly posted, the court below has jurisdiction of the proceedings, the order under review is sustained, and the writ of certiorari herein quashed.